UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

PROTEX INDUSTRIAL (H.K.) LTD.   Docket No:   1:23-cv-1793

**Plaintiffs,**

- against –

**COMPLAINT AND JURY DEMAND**

VINCE HOLDINGS INC.,
VINCE LLC,
REBECCA TAYLOR INC.,
REBECCA TAYLOR RETAIL STORES LLC, and
RT IPCO LLC

**Defendants.**

-------------------------------------------------x

Plaintiff, PROTEX INDUSTRIAL (H.K.) LTD. alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages for breach of contract, fraud and unjust enrichment.

2. The United States District Court for the Southern District of New York has jurisdiction over the parties, pursuant to Title 28 of the United States Code §1332(a)(1) as the Plaintiff and Defendants are citizens of different states and supplemental jurisdiction pursuant to Title 28 of the United States Code §1167, which provides the District Court with jurisdiction based on diversity of citizenship.

-1-

3. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendants because Defendants' actions alleged herein occurred in the State of New York, and Defendants' are residents of this judicial district. Defendants' standard terms and conditions provides that the laws of the State of New York shall apply, and "the parties agree to submit and consent to the exclusive jurisdiction of the state courts of New York County, New York, or the United States District Court in New York, New York." A true and correct copy of Defendants Vince LLC. and Vince Holding Inc.'s standard terms and conditions is attached hereto as **Exhibit 1**.

5. Venue in the United States District Court for the Southern District of New York is proper pursuant to Title 29 of the United States Code §1391(b)-(d) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendants reside in or can be found in this district, Defendants conduct regular and substantial business in this district and/or are corporate defendants whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## **PARTIES**

6. Plaintiff Protex Industrial (H.K.) Ltd. (hereinafter "PROTEX") is a corporation organized under the laws of the country of Hong Kong.

7. Defendant Vince Holdings Inc. (NYSE: VNCE) (hereinafter "Vince Holdings") is a Delaware corporation with a principle address of 500 Fifth Avenue, 20th Floor New York, New York 10110.

8. Defendant Vince LLC (hereinafter "Vince LLC") is a Delaware limited liability company with a principal address of 500 Fifth Avenue, 20th Floor New York, New York 10110. (Collectively Vince LLC and Vince Holdings shall be referred to as "VINCE".)

9. Defendant Rebecca Taylor Inc. (hereinafter "Rebecca Inc.") is a New York corporation with a principal place of business located at 500 Fifth Avenue, 20th Floor New York, New York 10110.

10. Defendant Rebecca Taylor Retail Stores LLC (hereinafter "Rebecca Retail") doing business as Rebecca Taylor is a New York limited liability company with a principal place of business located at 500 Fifth Avenue, 20th Floor New York, New York 10110. (Collectively Rebecca Inc and Rebecca Retail shall be referred to as "REBECCA TAYLOR".)

11. Upon information and belief, Rebecca Inc and Rebecca Retail are a wholly owned subsidiary of Defendant Vince Holdings.

12. Upon information and belief, RT IPCO LLC is a Delaware limited liability company with a principal place of business located in Roselle, New Jersey.

13. Plaintiff is informed and believes and thereon alleges that each of the defendants was at all relevant times the agent, servant, employee, predecessor-in-interest, successor-in-interest, joint venturer and/or partner of each of the other defendants,

and in doing the acts alleged hereinafter, each defendant was acting within the purpose and scope of said agency and employment and with the consent, approval and ratification of the other defendants.

14. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTUAL ALLEGATIONS

15. Plaintiff is a manufacturer of garments.

16. Defendant VINCE has been a customer of PROTEX for the last ten years.

17. Upon Defendant VINCE acquiring REBECCA TAYLOR in August 2019, Defendants VINCE and REBECCA TAYLOR have utilized PROTEX over the past three years for the manufacture of garments.

18. On or about July 28, 2020, PROTEX signed Defendant VINCE's Terms and Conditions for the continued manufacturer of products for both VINCE and REBECCA TAYLOR. A true and correct copy of the signed Terms and Conditions is attached as **Exhibit 1**.

19. On or about July 27, 2020, PROTEX completed a Supplier (Payee) Vendor Set-up/ Change Form proffered by Defendants VINCE and REBECCA TAYLOR which clearly states "Vince standard payment terms for vendors is net 30 days. . . . By submitting this vendor set up form, you certify that the supporting contract has been submitted and approved by Vince legal department." By these terms, Defendant VINCE obligated itself to make payments for all orders issued by either VINCE or REBECCA TAYLOR. A true and correct copy of the Supplier (Payee) Vendor Set-up/ Change Form completed by PROTEX is attached hereto as **Exhibit 2.**

20. Defendants VINCE and REBECCA TAYLOR routinely, and in the ordinary course of business, places orders with PROTEX, and Defendant VINCE would wire payment for each order placed by Defendant REBECCA TAYLOR.

21. Between the period of May 18, 2022, through September 13, 2022, Defendant REBECCA TAYLOR placed multiple orders for garments totaling $1,706,042.90. A true and correct copy of the invoices representing the sum owed is attached hereto as **Exhibit 3**.

22. PROTEX delivered the garments to Defendant VINCE and REBECCA TAYLOR in conformity with the terms of the purchase orders.

23. At no time did Defendant VINCE or REBECCA TAYLOR notify PROTEX of any nonconformity or otherwise seek to reject the delivery of the garments.

24. Upon information and belief, on or about September 12, 2022, VINCE notified shareholders of its intention to discontinue operation of REBECCA TAYLOR.

25. On or about September 14, 2022, Defendant VINCE notified PROTEX by an emailed letter of its intention to "exit" the REBECCA TAYLOR business, but did not cancel its remaining pending orders for garments. A true and correct copy of the September 14, 2022 notice is attached hereto as **Exhibit 4.**

26. Upon information and belief, Defendants VINCE and REBECCA TAYLOR knew well before the date of the Exit Notification that REBECCA TAYLOR operations were facing financial difficulties representing an approximately 28% sales decrease, and would be "wound down." Nonetheless, they deliberately kept PROTEX in the dark about these matters. Despite this knowledge, Defendants VINCE and REBECCA TAYLOR continued to place purchase orders with PROTEX and conduct business as normal, despite knowing full well that they would not be able to pay for those orders.

27. PROTEX purchased raw materials and commenced production of the requested garments pursuant to these purchase orders before it received the Exit Notification.

28. PROTEX would not have accepted these purchase orders had it known that VINCE and REBECCA TAYLOR would "wind down" the REBECCA TAYLOR business and refuse to pay PROTEX for the orders.

29. As of the date of the Exit Notification, PROTEX had issued no less than 13 invoices to Defendants VINCE and REBECCA TAYLOR that continue to remain outstanding, for an outstanding balance of no less than $1,347,194.13.

30. Additional purchase orders placed by Defendants VINCE and REBECCCA TAYLOR with PROTEX prior to the Exit Notification, which had not yet been invoiced, represent an additional $358,848.77 for a grand total of $1,706,042.90.

31. Upon information and belief, on or about December 30, 2022 Defendant Vince Holdings completed a sale of REBECCA TAYLOR'S intellectual property and certain related ancillary assets including but not limited to the garments purchased from PROTEX to Defendant RT IPCO, LLC.

32. Plaintiff has made multiple demands to Defendants for payment. A true and correct copy of ProTex demand letters are attached hereto as **Exhibit 5**.

33. On or about November 28, 2022, through auspices of counsel, a formal written demand for payment was issued to Defendants. A true and correct copy of the November 28, 2022, demand letter is attached hereto as **Exhibit 6**.

34. To date, Defendants have failed to make payment for the sums owed for the garments delivered by Plaintiff.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

### (Against Defendants Vince and Rebecca Taylor)

35. PROTEX incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

36. Defendants VINCE and REBECCA TAYLOR issued purchase orders to PROTEX for the purchase of garments for the period of May 18, 2022, through September 13, 2022, totaling $1,706,042.90.

37. PROTEX delivered the garments to Defendant VINCE and REBECCA TAYLOR in conformity with the terms of the purchase orders to consummate the contract between the parties pursuant to the Uniform Commercial Code.

38. At no time did Defendant VINCE or REBECCA TAYLOR notify PROTEX of any nonconformity or otherwise seek to reject the delivery of the garments.

39. PROTEX has made multiple demands to Defendants for payment.

40. To date, Defendants have failed to make payment for the sums owed for the garments delivered by PROTEX.

41. PROTEX has been harmed by Defendants' failure to make payment for the goods received, and such failure constitutes a breach of the covenant of good faith and fair dealing which is implied in every contract.

42. Defendants' breach of contract is a substantial factor in causing PROTEX's harm.

## SECOND CAUSE OF ACTION

### FRAUD

**(Against Defendants Vince and Rebecca Taylor)**

43. PROTEX incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

44. Defendants VINCE and REBECCA TAYLOR have been a customer of PROTEX over the past three years since Defendant Vince Holdings acquired REBECCA TAYLOR in August 2019 from designer Rebecca Taylor.

45. Defendants VINCE and REBECCA TAYLOR routinely, and in the ordinary course of business, placed orders with PROTEX, and Defendant VINCE would issue a check for payment of each order placed by Defendant REBECCA TAYLOR.

46. Between the period of May 18, 2022, through September 13, 2022, Defendant REBECCA TAYLOR placed multiple orders for garments totaling $1,706,042.90 representing their intent to pay for the goods in accordance with Defendants' standard contract terms and conditions.

47. Upon information and belief, Defendants VINCE and REBECCA TAYLOR knew well before placement of purchase orders with PROTEX that REBECCA TAYLOR operations were facing financial difficulties, and would not or could not fulfill its obligations to pay for the garments ordered. Despite this knowledge, Defendants VINCE and REBECCA TAYLOR continued to place purchase orders with PROTEX and conduct business as normal, despite knowing full well that they would not be able to pay for those orders.

48. Defendants intended that Plaintiff rely upon their purchase orders as a promise to make payment for the garments in a timely manner.

49. PROTEX would not have accepted these purchase orders had it known that VINCE and REBECCA TAYLOR would "wind down" the REBECCA TAYLOR operations and refuse to pay PROTEX for the orders.

50. PROTEX was harmed by Defendants' intentionally false representations.

51. PROTEX's reasonable reliance upon Defendants' representations was a substantial factor in causing PROTEX harm.

52. By reason of the foregoing, Plaintiff demands judgment against Defendants in an amount to be determined at trial, but anticipated to be no less than $1,706,042.90, plus attorneys' fees, costs, expenses and disbursements expended by Plaintiff.

53. In doing the things herein alleged, Defendants Vince and Rebecca Taylor acted willfully and with the intent to cause injury to Plaintiff. Defendants Vince and Rebecca Taylor were therefore guilty of malice and/or oppression and/or fraud in conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants Vince and Rebecca Taylor and deter others from engaging in similar misconduct.

### THIRD CAUSE OF ACTION

### UNJUST ENRICMENT

### (Against All Defendants)

54. PROTEX incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

55. Defendants benefitted at the Plaintiff's expense, and therefore, equity and good conscience require restitution.

56. By reason of the foregoing, Plaintiff demands judgment against Defendants in an amount to be determined at trial, but anticipated to be no less than $1,706,042.90, plus attorneys' fees, costs, expenses and disbursements expended by Plaintiff.

### FOURTH CAUSE OF ACTION

### QUANTUM MERUIT

### (Against All Defendants

57. PROTEX incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

58. Defendants requested, by words or conduct, that Plaintiff deliver garments for the benefit of Defendants.

59. Plaintiff delivered the garments as requested.

60. Defendants have not paid Plaintiff for the garments.

61. By reason of the foregoing, Plaintiff demands judgment against Defendants for the reasonable value of the delivered garments, and aver the reasonable value to be no less than $1,706,042.90.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all causes of action in the complaint.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against defendants as follows:

a. On the First Cause of Action for judgment against Defendants VINCE and REBECCA TAYLOR in an amount to be determined at trial, but anticipated to be no less than $1,706,042.90, plus costs, expenses and disbursements expended by Plaintiff; and

b. On the Second Cause of Action for judgment against Defendants VINCE and REBECCA TAYLOR in an amount to be determined at trial, but anticipated to be no less than $1,706,042.90, plus punitive damages, attorneys' fees, costs, expenses and disbursements expended by Plaintiff; and

-12-

c.   On the Third Cause of Action for judgment against all Defendants in an amount to be determined at trial, but anticipated to be no less than $1,706,042.90, plus costs, expenses and disbursements expended by Plaintiff;

d.   On the Fourth Cause of Action for judgment against all Defendants in an amount to be determined at trial, but anticipated to be no less than $1,706,042.90; and

e.   Costs, expenses, disbursements, and reasonable attorneys' fees in an amount to be awarded at trial; and

f.   Granting such further relief as may be just and proper.

Dated: February 28, 2023          **PLAGER SCHACK LLP**

*/s/ Mark H. Plager*
Mark H Plager (NYSB# 2822336)
mark@plagerschack.com
Direct: (201) 268-7973
Michael L. Schack (NYSB# 2111706)
michaels@plagerschack.com
Direct: (610) 228-4461
***PLAGER SCHACK, LLP***
20 Oakland Avenue
Jersey City, New Jersey 07306 Office: (888) 752-4376

*Attorneys for Plaintiff*