USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/1/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROTEX INDUSTRIAL (H.K.) LTD.,

Plaintiff,

-against-

VINCE HOLDINGS INC., *et al.*,

Defendants.

1:23-cv-1793-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

Kibler Fowler & Cave LLP has moved to withdraw as counsel for Defendants Rebecca Taylor Inc. and Rebecca Taylor Retail Stores LLC (collectively "Rebecca Taylor Defendants"). The motion states that the Firm was "discharged" from representing the Rebecca Taylor Defendants and "is no longer authorized to represent" the Rebecca Taylor Defendants in this action. [ECF No. 48]. Kibler Fowler submitted a declaration of James Carroll, Chief Operating Officer and Independent Director of Rebecca Taylor, Inc., asserting that "following the assignment for the benefit of creditors, [the Rebecca Taylor Defendants] do not have assets from which to compensate legal counsel. As a result, [the Rebecca Taylor Defendants] will not continue to defend themselves in this litigation." [ECF No. 62]. In its motion, Kibler Fowler advised the Court that it will remain counsel for Vince Holding Corp. and Vince LLC. [ECF No. 47].

Plaintiff opposed the motion, arguing that the motion to withdraw is being made at the instruction of the controlling entity, Vince Holding Corp., despite Vince Holding Corp. retaining ownership and dominion over the Rebecca Taylor Defendants. [ECF No. 53]. Specifically, Plaintiff argues that Defendants Vince Holdings Corp. and Vince LLC have effectively sold off all substantive assets of the Rebecca Taylor Defendants and pocketed the proceeds from those sales,

1

only to leave empty shell companies, which no longer will be represented in this case. [ECF No. 53].

On November 1, 2023, the Court held a conference on the motion to withdraw as counsel for the Rebecca Taylor Defendants. At the conference, the Court noted that in light of the Rebecca Taylor Defendants' discharge of Kibler Fowler, the Court likely had no choice but to grant the motion. *See e.g.*, D.R. § 2-110(B)(4) (Under the Code of Professional Responsibility, withdrawal is mandatory (with the permission of the Court) when a "lawyer is discharged by his or her client."); *see also* 22 N.Y.C.R.R. 1200.15(B)(4); *see also Casper v. Lew Lieberbaum & Co.*, No. 97-cv-3016, 1999 WL 335334, at *4 (S.D.N.Y. 1999) ("[B]ecause Movants were discharged by plaintiffs, they were required to withdraw as counsel.").

Notwithstanding, the Court also raised a concern with respect to the motion to withdraw based on the Rebecca Taylor Defendants' lack of assets or funds. Specifically, the Court questioned whether counsel was being compensated by Vince Holdings Corp. or Vince LLC with respect to representation of All Defendants prior to Rebecca Taylor Defendants' assignment. The Court stated that it was unclear from the record, and from the conference, how Kibler Fowler was compensated for its work related to the Rebecca Taylor Defendants. In fact, Kibler Fowler's representations at the conference suggested that compensation for the Rebecca Taylor Defendants came from Vince Holdings Corp., but counsel was unable to confirm.

Accordingly, IT IS HEREBY ORDERED that by November 8, 2023, Kibler Fowler shall file an affidavit advising the Court how the Firm has been compensated for its representation of the Rebecca Taylor Defendants in this action since the commencement of the suit. The affidavit should include which client(s) received the invoice(s) and which client(s) paid the invoice(s).

IT IS FURTHER ORDERED that Kibler Fowler inform Defendants Rebecca Taylor Inc. and Rebecca Taylor Retail Stores LLC that, as Corporate Defendants, they cannot proceed *pro se*. *See e.g.*, *Allstate Ins. Co. v. Administratia Asigurarilor de Stat*, 948 F. Supp. 285 (S.D.N.Y. 1996), citing *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("It is established that a corporation, which is an artificial entity that can act only through agents, cannot proceed *pro se*.").

As such, IT IS FURTHER ORDERED that by November 8, 2023, Defendants Rebecca Taylor Inc. and Rebecca Taylor Retail Stores LLC shall file an affidavit stating that (a) it understands they, as Corporate Defendants, cannot appear *pro se*; (b) whether they intend to retain new counsel if Kibler Fowler is relieved; and (c) they understand that if they instruct Kibler Fowler not to act on their behalf and do not retain new counsel, they will be in default and Plaintiff can seek a default judgment against them.

**SO ORDERED.**

Dated: New York, NY
       November 1, 2023

_____
**MARY KAY VYSKOCIL**
**United States District Judge**